UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

KAREN D. DAVIS,                                    CASE NO. 06-CV-13745
                                                   HON. LAWRENCE P. ZATKOFF
      Debtor,

(Bankr. Case No. 06–43888)
_____

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on November 15, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Debtor Karen D. Davis' ("Debtor") Motion for Leave to Appeal (Docket # 2) pursuant to Fed. R. Bankr. P. 8001(b) and Fed. R. Bankr. P. 8003. No response has been received from any person. The facts and legal arguments are adequately set forth in the brief submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that the Debtor's Motion for Leave to Appeal be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Debtor's Motion for Leave to Appeal is DENIED.

**II.  BACKGROUND**

Debtor commenced proceedings for relief under Chapter 13 of the Bankruptcy Code on March 31, 2006. Debtor proposed a Chapter 13 plan (the "Plan") of 36 months. The Chapter 13 Trustee (the "Trustee") filed objections to confirmation and argued that the Plan should be not less than five years based on Debtor's household income, as provided for under 11 U.S.C. §§1325(a)(3)

and (b)(4)(a). The Trustee argued that the "applicable commitment period" determines the length of a Chapter 13 plan based on the debtor's household income level and that the Plan should be for a period of five years on that basis. Debtor argued that the applicable commitment period is a multiplier in a formula that is used to determine the projected disposable income that a debtor must pay to unsecured creditors. Bankruptcy Judge Shefferly addressed this issue and concurred with the argument set forth by theTrustee. Accordingly, Bankruptcy Judge Shefferly issued an Order Denying Confirmation of the Plan because it only called for a three year plan and not a five year (or greater) plan.

Debtor now seeks an interlocutory appeal of the issue of whether "applicable commitment period" is a temporal requirement or a multiplier in a formula.

### III. OPINION

*A.     Appeal of a Final Order*

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals from "final judgments, orders, and decrees" of bankruptcy courts. As the Sixth Circuit has stated: "[f]or purposes of appeal, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Janna W. Cundiff*, 227 B.R. 476, 477 (6th Cir. ) (citations and internal quotations omitted). In the instant case, Debtor concedes that there has not been a final judgment, order or decree of the bankruptcy court.

*B.     Interlocutory Appeal*

An appeal of a non-final judgment, order or decree in a bankruptcy case also may be appropriate under 28 U.S.C. § 158(a)(3), which provides that district courts have jurisdiction to hear appeals of interlocutory orders and decrees in certain circumstances upon a motion for and the grant of leave to file such an appeal. In her brief, Debtor asserts that this is an appropriate case for interlocutory appeal because "the statute at issue (11 U.S.C. §1325(b)(4)(a)) was recently enacted and the consequences of interpreting the statute to be of a temporal nature is of a significant concern

to this Debtor and to that of future Debtors filing for Chapter 13 relief."

In this case, the Court finds that the matter before Bankruptcy Judge Shefferly has largely (if not thoroughly) been decided, as Judge Shefferly has denied confirmation of the Plan. As such, the issue presented by Debtor is but a judgment away from being heard by this Court in the normal course of appeals under 28 U.S.C. § 158(a)(1). Moreover, although the Debtor may be correct in asserting that the issue is one of significant concern to her and other Chapter 13 debtors, there is no danger or harm that will occur if this issue is not resolved on interlocutory appeal. Accordingly, the Court concludes that, under applicable law, this is not an appropriate case for granting leave to appeal an interlocutory order and that Debtor's Motion for Leave to Appeal is DENIED.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Debtor's Motion for Leave to Appeal is DENIED and this cause of action shall be DISMISSED WITHOUT PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  November 15, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 15, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290